IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY CARL HAMRIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CIVIL ACTION NO. 21-399-CG |
| vs. | ) |
| | ) CRIMINAL CASE NO. 09-250-CG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Johnny Carl Hamric (hereinafter "Hamric"), a federal prisoner proceeding without counsel (*pro se*), has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 50). Having carefully considered all relevant pleadings in this case, the Court finds that Hamric's § 2255 motion is due to be denied.

**I. Background**

On November 25, 2009, the grand jury for this district returned an indictment against Hamric, charging him with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On May 14, 2010, Hamric filed a Notice of Intent to Plead Guilty pursuant to a plea agreement. (Doc. 16). On May 18, 2010, his guilty plea was accepted, and he was found guilty as charged. (Doc. 18).

1

### A. Presentence Investigation Report

The United States Probation Office prepared Hamric's Presentence Investigation Report ("PSR") on July 9, 2010. (Doc. 23). The PSR concluded that Hamric's sentence is subject to an enhancement under 18 U.S.C. § 924(e), the Armed Career Criminal Act (hereinafter "ACCA"), because Hamric had three or more prior convictions for either violent felonies or controlled substance offenses.[1] *Id.* at p. 6. Notably, the PSR details an extensive criminal history, including multiple prior convictions for theft of property, burglary of an unoccupied structure, and burglary of an unoccupied conveyance. *Id.* at pp. 9-13. Accordingly, the PSR found that Hamric's criminal convictions resulted in a computation of 23 criminal history points. *Id.* at p. 15. The PSR also determined that based on a total offense level of 30 and a criminal history category of VI, with a guideline range of 168 to 210 months imprisonment. *Id.* at p. 22. However, due to his prior convictions and the resulting enhancement under the ACCA, the PSR determined Hamric was subject to the mandatory minimum sentence of 15 years, and the guideline range should be 180 months to 210 months. *Id.* Hamric did not file any objections to the PSR. (Doc. 22).

---

[1] The PSR did not specify which three prior felony convictions serve as the basis for the qualifying predicate offenses under the ACCA.

**B. Sentencing Hearing**

On August 16, 2010, Hamric appeared before the undersigned for sentencing. (Doc. 30). Before announcing the sentence to be imposed, Hamric's attorney informed the Court that she had discussed the PSR with Hamric. *Id*. at p. 2.

> THE COURT: All right. Ms. Jones, have you and Mr. Hamric been over the presentence report?
>
> MS. JONES [Counsel for Hamric]: Over it and over it (nodding head affirmatively).
>
> THE COURT: And are there any objections to it?
>
> MS. JONES: None, Judge. The only thing that I would like to say - - and I don't know if I'm jumping the gun - - is, you know, he caught the Armed Career Offender enhancement, which put him at a mandatory minimum. And I did want to say on the record, in an attempt to help my client, I think I am now an aficionado on the Armed Career Offender enhancement. I looked at every possible issue on here I thought we could get our toe in. I looked at the nolo contendere pleas, I looked at burglary of an unoccupied conveyance, I looked at the dates very carefully of some of his prior convictions. Unfortunately, everything sticks.
>
> The unoccupied conveyance is now a burglary third in the U.S. Supreme Court. That Florida statute has specifically been challenged and litigated to the U.S. Supreme Court and they have said it is a qualifying predicate offense. Just simply it's a very thorough, well-written, and unfortunately solid presentence report.
>
> THE COURT: All right. Well, I find that the total offense level in this case is 30 with a criminal history category of VI. Are there any objections to those findings?
>
> MS. JONES: None, Your Honor.
>
> THE COURT: All right. I'll hear from you on behalf of your client.
>
> MS. JONES: Judge, you know the guidelines level was 14, the mandatory minimum is 15. He does have an extensive criminal

3

> background. This is going to sound odd. It sounds odd that I'm fixing to say it. Although predicate qualifying offenses are categorized as crimes of violence, he has no assault, no robbery, nothing of that nature. He has accepted responsibility and pled guilty, and I believe that a 15-year custody sentence will be more than adequate to punish him and address the concerns of society and I would ask that you impose that.
>
> THE COURT: Mr. Hamric, do you have anything that you would like to say before I impose sentence?
>
> THE DEFENDANT: No, ma'am.

(Doc. 30 at pp. 2-3). Thereafter, the Court imposed the mandatory minimum sentence of 180 months. *Id.* at p. 4. The Court found that the advisory guideline range is appropriate to the facts and circumstances of Hamric's case because it is mandatory and provides for a reasonable sentence, and the sentence imposed addresses the seriousness of the offenses and the sentencing objectives of punishment, deterrence, and incapacitation. *Id.* at p. 5. There were no objections to the sentence imposed. *Id.* at p. 6. On August 16, 2010, Hamric filed a Notice of No Appeal. (Doc. 26).

**C. Hamric's Motion under 28 U.S.C. § 2255**

Hamric's § 2255 motion requests that the Court vacate his status as an armed career criminal and resentence him *nunc pro tunc* without the enhancement.[2] (Doc. 50 at p. 5). Specifically, Hamric contends that his motion is

---

[2] Hamric appears to assert that his § 2255 motion is appropriate because his plea agreement allows him to reserve the right to contest in an appeal or post-conviction proceeding any punishment in excess of the statutory maximum. (Doc. 50 at p. 3). Though the Court will evaluate the merits of Hamric's motion, Hamric was sentenced to the mandatory *minimum* of 180 months, not the maximum term of life imprisonment.

4

proper under 28 U.S.C. § 2255(f)(3) in light of the Supreme Court's decision in *Borden v. United States*, 593 U.S. \_\_\_\_ , 141 S. Ct. 1817 (2021) (plurality opinion). *Id.* at pp. 1-5. In *Borden*, the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. *Id.* at 1834. Based on *Borden*, Hamric asserts that his prior felony convictions used to enhance his sentence under the ACCA were not qualifying predicate offenses (i.e. violent felonies) "that required 'the active employment of force against another person'". (Doc. 50 at p. 1); *See Borden*, 141 S. Ct. at 1834 ("[Offenses with a mens rea of recklessness] do not require, as ACCA does, the active employment of force against another person. And they are not the stuff of armed career criminals.").

Additionally, Hamric asserts that this court sentenced him under the residual clause of the ACCA[3], and since the Supreme Court struck down the

---

[3] The Government points out that the Court did not specify whether Hamric was sentenced under the ACCA's residual clause, elements clause (18 U.S.C. § 924(e)(2)(B)(i)), or enumerated-offenses clause (18 U.S.C. § 924(e)(2)(B)(ii)). (Doc. 54 at p. 2). This contention is correct. However, the Court construes Hamric's *pro se* filing liberally, *see, e.g. United States v. Mosley*, 796 Fed.Appx. 1014, 1015 (11th Cir. Mar. 10, 2020), and thereby refrains from interpreting Hamric's assertion as an incorrect statement of fact, and instead, construes the argument as an attempt to state a claim under *Johnson v. United States*, 576 U.S. 591 (2015). *See French v. United States*, 732 Fed.Appx. 836, 838 (11th Cir. May 3, 2018) ("The panel [in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017)] found that Beeman had raised a timely *Johnson* claim because he *argued* that his offense 'historically qualified as an ACCA predicate under the ACCA's residual clause,' … Under § 2255(f)(3), French's § 2255 motion was timely if he 'assert[ed] a *Johnson* claim. And he asserted a *Johnson* claim *if he 'contend[ed]* that [he] was sentenced as an armed career criminal under the residual clause.'") (internal citations omitted) (emphasis added); *Beeman*, 871 F.3d at 1221 ("To prove a *Johnson* claim, a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual

residual clause in *Johnson v. United States*, 576 U.S. 591 (2015), his enhancement under the ACCA is only applicable under the "violent felony" provision of the Act. (Doc. 50 at pp. 2-3). Moreover, Hamric contends that he pled *nolo contendere* to his prior felony offenses, and as such, he did not "admit or confirm any of the elements of the charge[s]". *Id.* at p. 4.

The Government argues in response that Hamric's motion should be denied without an evidentiary hearing because his arguments are procedurally defaulted and meritless. (Doc. 54 at pp. 6-13).

## II. Standards of Review

### A. General Standards of Review under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted". *United States v. Frady*, 456 U.S. 152, 164 (1982) (stating that this is especially true when a defendant "already has had a fair opportunity to present his federal claims to a federal forum"). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting cases)). "Because collateral review

---

clause.' In other words, he must show that the clause actually adversely affected the sentence he received.") (citing *In re Thomas*, 823 F.3d 1345, 1349)(11th Cir. 2016)).

is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (internal citations, quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron*[ *v. United States*], 291 F.3d [708,] 715 [(11th Cir. 2002)] (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553 (quoting *United States v. Guerra*, 588 F.2d 519, 520–21 (5th Cir. 1979)); *see, e.g., Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted); *accord, e.g., Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015). In making this determination, the Court is aware that it must "liberally construe pro se filings, including pro se applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

### B. Statute of Limitations for 28 U.S.C. § 2255 Motions

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Analyzing the statute of limitations under § 2255(f) "requires a claim-by-claim approach to determine timeliness." *Beeman*, 871 F.3d at 1219.

For motions, as here, asserting a right under 28 U.S.C. § 2255(f)(3), the Supreme Court decision triggering the statute of limitations "must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." *Id.* (citing 28 U.S.C. § 2255(f)(3)) (specifying "Because the Supreme Court issued *Johnson* on June 26, 2015, *Johnson v. United States*, 576 U.S. 591 (2015), a § 2255 movant wishing to raise a *Johnson* claim had until June 26, 2016, to file a motion obtaining that claim."). Thus, when a prisoner claims "that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends

8

on that new decision." *Id*. "If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." *Id*.

### III. Analysis

#### A. Timeliness of Hamric's § 2255 Motion

Hamric's motion asserts that he is entitled to relief under 28 U.S.C. § 2255(f)(3) in light of the Supreme Court's decisions in *Borden* and *Johnson*. Accordingly, Hamric's motion is subject to a one-year limitation, which is triggered by the Supreme Court's issuance of a decision recognizing a new right. 28 U.S.C. § 2255(f)(3).

From the outset, it is evident that Hamric's arguments in light of *Borden* are timely. As discussed *supra*, the Supreme Court held in *Borden* that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. *Borden*, 141 S. Ct. at 1834. The Supreme Court issued the *Borden* decision on June 10, 2021, and Hamric filed the instant § 2255 motion well within one-year of the decision. Thus, his arguments in light of *Borden* are timely.

Hamric's arguments under *Johnson*, however, are untimely. In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. *See Johnson*, 576 U.S. 591. The Supreme Court decided *Johnson* on June 26, 2015, and Hamric's § 2255 motion was filed over six years later. Thus, to the extent Hamric alleges that

9

the Court improperly imposed an increased sentence under the residual clause of the ACCA, such an argument is time-barred.[4]

### B. Hamric's Arguments under *Borden*

Hamric's arguments in light of *Borden* fail for several reasons. First, Hamric's *Borden* claims are not cognizable on collateral review. It is well-established that § 2255 motions "may not be a surrogate for direct appeal." *Lynn*, 365 F.3d at 1232-33. Here, the crux of Hamric's § 2255 motion is that his sentence was improperly enhanced under the ACCA because he did not possess the qualifying predicate felony offenses. However, Hamric did not challenge his classification as a career offender on direct appeal. Indeed, he failed to file a direct appeal at all. (Doc. 26). Though the *Borden* decision was unavailable at the time of Hamric's sentencing in 2010, Hamric could have argued on direct appeal that he was improperly sentenced as an armed career offender and/or that his prior felony convictions were misapplied under the applicable guidelines.[5] His failure to raise those contentions on direct appeal likewise precludes him from advancing them here.

---

[4] Hamric also argues that his prior felony convictions included pleas of *nolo contendere*, and as such, those prior convictions cannot be considered "violent felonies or drug convictions" for an "enhancement under the ACCA." (Doc.. 50 at p. 4). To the extent Hamric argues that those convictions were improperly enhanced under the ACCA's residual clause, that argument is likewise untimely.

[5] It is irrelevant whether these arguments would have succeeded on appeal. *Kerr v. United States*, 463 Fed. Appx. 812, 813 (11th Cir. Feb. 10, 2012) ("But perceived futility in raising an issue on direct appeal does not constitute cause for not doing so.") (citing *Smith v. Murray*, 477 U.S. 527, 534-35 (1986)).

Additionally, Hamric's argument that he was sentenced under the ACCA's residual clause is immaterial. As previously discussed, Hamric takes issue with: (1) the classification of his prior felony offenses as "violent felony or drug convictions", and (2) the effect of his decision to plead *nolo contendere* to those offenses. (Doc. 50 at pp. 3-4). Both points of contention are without merit.

While Hamric asserts that his prior convictions are not violent felonies under the ACCA's elements clause, his § 2255 motion makes no mention of the ACCA's third clause: the enumerated offenses clause. 18 U.S.C. § 924(e)(2)(B)(ii). The enumerated offenses clause specifically includes the crimes of burglary, arson, and extortion within its definition of "violent felony". *Id.* Hamric's criminal history includes *nolo contendere* pleas to two counts of burglary of an unoccupied structure as well as two counts of burglary of an unoccupied conveyance. (*See* Doc. 23). Thus, Hamric's prior conduct squarely falls within the definition of "violent felony" under the ACCA's enumerated offenses clause. Because of this, Hamric's reliance on *Borden* is misplaced. *Borden* only concerned the elements clause of the ACCA, and Hamric is unable to show that the sentencing court solely relied on the elements clause to enhance his sentence.[6] Accordingly, Hamric has not met his burden in establishing a basis for relief, and his § 2255 motion is due to be denied.

---

[6] In evaluating a movant's § 2255 motion in light of *Johnson*, the 11th Circuit stated in *Beeman*, "We conclude, and hold, that like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. … If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to the use of the residual clause." 871 F. 3d at 1221-22. Though Hamric's instant claims under *Johnson* are untimely, the *Beeman* analysis is instructive in addressing

11

Furthermore, the Court is not persuaded by Hamric's argument that his *nolo contendere* pleas for his prior Florida burglary convictions are insufficient to support an enhanced sentence under the ACCA. (Doc. 50 at p. 4). Specifically, Hamric asserts, "When a defendant enters a plea of 'nolo contendere' they do not 'admit' guilt and said plea agreement cannot be used against them in the future as a 'guilty plea'." *Id.* However, the PSR indicates that Hamric was adjudicated guilty for each of his prior burglary convictions at the time he entered his pleas of *nolo contendere*. (Doc. 23 at pp. 11-12). The Eleventh Circuit has explicitly held that "a nolo contendere plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law which satisfies the requirement of the Armed Career Criminal statute." *United States v. Drayton*, 113 F.3d 1191, 1193 (11th Cir. 1997). Thus, Hamric's argument is without merit, and his § 2255 motion is due to be denied.

**IV. Conclusion**

Johnny Carl Hamric's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** this 17th day of March, 2022.

    /s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

Hamric's arguments under *Borden*. Because the enumerated offenses clause alone would have supported Hamric's sentence under the ACCA, it is immaterial which clause the court may have relied on in determining the enhancement.